UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | § § § § | |
| *Plaintiff,* | | |
| v. | § § § § § § § § § § § § | Civil Action No. 3:25-cv-3111 |
| TACTICAL PROTECTION SERVICES LLC, TABRIZ LANGLEY, as representative of the estate of Rickey Charles Taylor, deceased; JUANIQUE BECKHAM; DARIUS TAYLOR; and LA'NIYA TAYLOR, | | |
| *Defendants.* | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Kinsale Insurance Company ("Kinsale") files this complaint for declaratory judgment against defendants Tactical Protection Services LLC ("TPS"); Tabriz Langley ("Langley"), as representative of the estate of Rickey Charles Taylor, deceased; Juanique Beckham ("Beckham"); Darius Taylor ("Darius"); and La'Niya Taylor ("La'Niya"), and alleges as follows:

### INTRODUCTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201–2202 to determine the rights and obligations of the parties under a Commercial General Liability Policy and a Commercial Excess Liability Policy issued by Kinsale to TPS.

2. Kinsale seeks a judicial declaration that it owes no duty to defend or indemnify TPS in connection with a lawsuit styled *Tabriz Langley, as representative of the estate of Rickey Charles Taylor, deceased, et al. v. Tactical Protection Services LLC*, Cause No. DC-25-04729, pending in the 192nd District Court of Dallas County, Texas (the "Underlying Lawsuit").

## PARTIES

3. Plaintiff Kinsale is a corporation organized under the laws of Arkansas with its principal place of business in Richmond, Virginia. Therefore, Kinsale is a citizen of Arkansas and Virginia for diversity purposes.

4. Defendant TPS is a Texas limited liability company with its principal place of business in Dallas County, Texas. TPS's sole member, Douglas E. Carson, is an individual and a citizen of Dallas County, Texas. Therefore, TPS is a citizen of Texas for diversity purposes. TPS may be served with process through its registered agent, Smith Financial and Associates PC, 411 N. McGraw, Forney, Texas 75126.

5. Defendant Langley is the representative of the estate of Rickey Charles Taylor, deceased, who was an individual resident and citizen of Dallas County, Texas. Under 28 U.S.C. § 1332(c)(2), Langley is deemed to be a citizen only of Texas, regardless of Langley's citizenship in other capacities. Waiver of service will be requested through Langley's counsel in the Underlying Lawsuit.

6. Defendant Beckham is an individual resident and citizen of Dallas County, Texas. Waiver of service will be requested through Beckham's counsel in the Underlying Lawsuit.

7. Defendant Darius is an individual resident and citizen of Dallas County, Texas. Waiver of service will be requested through Darius's counsel in the Underlying Lawsuit.

8. Defendant La'Niya is an individual resident and citizen of Dallas County, Texas. Waiver of service will be requested through La'Niya's counsel in the Underlying Lawsuit.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

10. Venue is proper in this Court under 28 U.S.C. § 1391 because the defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred here.

## FACTUAL BACKGROUND

*Primary Policy*

11. Kinsale issued Commercial General Liability Policy No. 0100318953-0 to TPS for the period of August 19, 2024 to April 23, 2025,[1] subject to all terms, conditions, limitations, and exclusions (the "Primary Policy"). A true copy of the Primary Policy, with premium information redacted, is attached as Exhibit 1.

12. The Primary Policy provides limits of $1 million per occurrence and $2 million in the aggregate for Coverage A (bodily injury and property damage), and $50,000 per occurrence and $200,000 in the aggregate for Personal Injury coverage, subject to a $5,000 deductible.

13. The Primary Policy is written on a claims-made and reported basis, with coverage applying only to claims first made and reported during the policy period or any applicable extended reporting period.

*Excess Policy*

14. Kinsale issued Commercial Excess Liability Policy No. 0100336947-0 to TPS, effective from November 26, 2024 to April 23, 2025,[2] with limits of $2 million

---

[1] Kinsale issued the policy bearing policy number 0100318953-0 to TPS effective from 08/19/2024 to 08/19/2025. However, pursuant to Policy Change 0100318953-0-E3 the Policy was cancelled effective 12:01AM on 04/23/2025 (the "Cancellation Effective Date"). All coverage under this Policy is cancelled effective on the Cancellation Effective Date.

[2] This excess policy was canceled on the same day as the Primary Policy.

per occurrence and $2 million in the aggregate (the "Excess Policy"), in excess of the Primary Policy. A true copy of the Excess Policy, with premium information redacted, is attached as Exhibit 2. The Excess Policy follows the terms, conditions, and exclusions of the Primary Policy, except where the Excess Policy is more restrictive.

*Underlying Lawsuit*

15. The Underlying Lawsuit alleges wrongful death and related claims arising from an October 12, 2024 incident in which TPS employees allegedly pursued Rickey Charles Taylor, used a taser on him, restrained him, and failed to render aid, resulting in his death. A trued copy of the underlying Plaintiff's Original Petition is attached as Exhibit 3.

16. Plaintiffs in the Underlying Lawsuit seek damages in excess of $1 million, including claims for negligence, negligent undertaking, and gross negligence.

**COVERAGE ISSUES UNDER THE PRIMARY POLICY**

17. The Primary Policy contains Policy Form CAS3002-1016 – Exclusion – Assault and Battery, which states that the insurance does not apply to any claim or suit for bodily injury, property damage, or personal injury arising out of, related to, or in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked.

18. The allegations in the Underlying Lawsuit fall squarely within the Assault and Battery Exclusion.

19. The Primary Policy also contains other exclusions and limitations, including but not limited to: Personal and Advertising Injury Exclusion; Punitive Damages Exclusion; Opioids and Narcotics Exclusion; Duty to Defend Exclusion.

20. Kinsale is currently providing a defense under the Primary Policy to TPS under a full reservation of rights.

21.     Although the Primary Policy affords sublimited coverage for "personal injury," which is defined to mean "injury, including consequential 'bodily injury,' arising out of one or more of the following: a. False arrest, detention, or imprisonment," the Underlying Lawsuit does not allege false arrest, detention, or imprisonment, and, even if it did, the Assault and Battery Exclusion would remain applicable to bar coverage. The Primary Policy's coverage for false arrest, detention or imprisonment is only for non-assaultive and non-battery false arrest, detention or imprisonment, due to the exclusion.

22.     Accordingly, Kinsale seeks to establish in this suit that the Primary Policy affords no coverage for the Underlying Lawsuit. In the alternative, if the Court construes the Underlying Lawsuit as alleging "personal injury" falling outside the Assault and Battery Exclusion, then the Primary Policy affords coverage for that "personal injury" but nothing else, and the coverage for "personal injury" is capped at the $50,000 per occurrence and $200,000 in the aggregate limits applicable to Personal Injury coverage, subject to a $5,000 deductible.

### COVERAGE ISSUES UNDER THE EXCESS POLICY

23.     Based on the allegations in the lawsuit, Kinsale has denied coverage under the Excess Policy for two independent reasons.

24.     First, the Excess Policy's retroactive date is November 26, 2024. The incident involving Mr. Taylor occurred on October 12, 2024, before the Excess Policy's retroactive date. The Excess Policy's Prior Injury or Damage exclusion precludes coverage for injuries occurring before the retroactive date. Accordingly, there is no coverage for this matter under the Excess Policy.

25.     Second, the Excess Policy has an Assault, Battery, Abuse or Molestation Exclusion. The exclusion precludes coverage for any claim or suit arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or

molestation. This exclusion applies regardless of fault or intent and regardless of the particular cause of action. The allegations in the lawsuit fall squarely within this exclusion.

26. The Excess Policy also contains other exclusions and limitations, including but not limited to: the same coverage defenses applicable to the Primary Policy since the Excess Policy follows form to the Primary Policy; an exclusion for any sublimited coverage under the Primary Policy (which would include Personal Injury Liability); and the Personal and Advertising Injury Liability Exclusion.

## DECLARATORY RELIEF REQUESTED

27. An actual controversy exists between Kinsale and the defendants regarding coverage for the Underlying Lawsuit.

28. Kinsale seeks a declaration that: (a) Kinsale has no duty to defend TPS in the Underlying Lawsuit; (b) Kinsale has no duty to indemnify TPS for any judgment, settlement, or award in the Underlying Lawsuit; and (c) Kinsale is entitled to withdraw from the defense of TPS upon entry of judgment in this action.

29. In the alternative, if the Court construes the Underlying Lawsuit as alleging "personal injury" falling outside the Primary Policy's Assault and Battery Exclusion, then the Primary Policy affords coverage for that "personal injury" but nothing else, and the coverage for "personal injury" is capped at the $50,000 per occurrence and $200,000 in the aggregate limits applicable to Personal Injury coverage, subject to a $5,000 deductible. The Excess Policy remains inapplicable.

## JURY DEMAND

30. Kinsale demands a trial by jury on all questions of fact, if any.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kinsale respectfully asks the Court:

(a) to enter judgment declaring that Kinsale owes no duty to defend or indemnify TPS in connection with the Underlying Lawsuit;

(b) alternatively, if the Court construes the Underlying Lawsuit as alleging "personal injury" falling outside the Primary Policy's Assault and Battery Exclusion, to enter judgment that the Primary Policy affords coverage for that "personal injury" but nothing else, and the coverage for "personal injury" is capped at the $50,000 per occurrence and $200,000 in the aggregate limits applicable to Personal Injury coverage, subject to a $5,000 deductible, and that the Excess Policy remains inapplicable;

(c) award Kinsale its costs and expenses incurred in this action; and

(d) grant such other and further relief as the Court deems just and proper.

Dated: November 14, 2025    Respectfully submitted,

*s/ Bryan P. Vezey*
Alicia G. Curran
Texas State Bar No. 12587500
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, Texas 75201-7335
Phone: (214) 462-3000
Fax: (214) 462-3299
Email: acurran@cozen.com

and

Bryan P. Vezey
Texas State Bar No. 00788583
COZEN O'CONNOR
811 Main Street, Suite 2000
Houston, Texas 77002
Phone: (832) 214-3900
Fax: (832) 214-3905
Email: bvezey@cozen.com

Counsel for Plaintiff Kinsale Insurance Company